IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DEBRA A. GALLAGHER, )
      Plaintiff, )
  -vs- ) Civil Action No. 15-231
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL SECURITY, )
      Defendant. )

AMBROSE, Senior District Judge

## OPINION
### and
## ORDER OF COURT

### SYNOPSIS

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 12 and 14). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 13 and 15). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 12) and granting Defendant's Motion for Summary Judgment. (ECF No. 14).

### I. BACKGROUND

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her applications for disability insurance benefits and supplemental security income pursuant to the Social Security Act ("Act"). Plaintiff filed her applications for benefits alleging she had been disabled since April 1, 2009. (ECF Nos. 7-5, pp. 11, 16). Administrative Law Judge ("ALJ"), Lawrence J. Neary, held a hearing on April 17, 2014. (ECF No. 7-2, pp. 36-62). On June 14, 2012, the ALJ found that Plaintiff was not disabled under the Social Security Act. (ECF No. 7-2, pp. 19-31). After exhausting all

1

administrative remedies thereafter, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 12 and 14). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must

determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984); 42 U.S.C. §405(g).

### B. <u>Mischaracterizing of Evidence</u>

Plaintiff submits that the ALJ erred by mischaracterizing evidence and made factual errors warranting remand based on the same. (ECF No. 13, pp. 19-21). After careful review of the evidence, I disagree. Basically, Plaintiff argues that the ALJ's characterization of her treatment as "conservative" is flawed because the ALJ did not mention that Plaintiff's doctor "refer[red] her to a surgeon for hip arthroscopy," inferring that surgery is not conservative treatment. (ECF No. 13, p. 20-21). First, I note that the record actually reveals that her doctor referred her for "***evaluation*** for hip arthroscopy." (ECF No. 7-15, p. 5)(emphasis added). As of the time of the hearing, Plaintiff had not gone for the evaluation and had not had surgery. (ECF No. 7-2, pp. 50-51). Additionally, the ALJ acknowledged that Plaintiff was "in the process of pursuing an

3

orthopedic evaluation in Pittsburgh." (ECF No. 7-2, p. 27). As a result, I do not find this to be a mischaracterization warranting remand.

Plaintiff further suggests that the ALJ incorrectly "accused Plaintiff of having 'inconsistent attendance at physical therapy.'" (ECF No. 13, pp. 20-21). After a review of the evidence, I disagree. The ALJ stated that Plaintiff was referred "to physical therapy in early 2013, but the claimant had inconsistent attendance at physical therapy." (ECF No. 7-2, p. 25). In support thereof, the ALJ cites to Exhibit 2F and 5F. *Id.* Those exhibits demonstrate that Plaintiff did not show for a number of scheduled appointments. (ECF No. 7-10, pp. 18-33). Therefore, I find there is substantial evidence of record to support the ALJ's summary of the records such that remand is not warranted based on the same.

Finally, Plaintiff appears to throw in an argument that the opinion of Dr. Fox was stale, since it was rendered prior to the "discovery of the superior acetabular labrum tear" and, as such, the ALJ should not have relied on the "moot" opinion. (ECF No. 13, p 21). I disagree. An ALJ is entitled to rely upon the findings of the state agency evaluator even if there is a lapse of time. *Chandler v. Comm'r of Soc. Sec.,* 667 F.3d 356, 361 (3d Cir. 2012). Furthermore, in this case, the ALJ acknowledged that there was an image study in October of 2013 that indicated a tear of the superior acetabular labrum and that since that time her hip treatment remained conservative. (ECF No. 7-2, pp. 25-27). Thus, the ALJ found Dr. Fox's opinion generally consistent with the medial evidence and Plaintiff's course of treatment. (ECF No. 7-2, p. 27). I find this is supported by substantial evidence. Therefore, I find no error in relying on Dr. Fox's opinion. Consequently, remand on this basis is not warranted.

### C. **Development of the Record**

Plaintiff next argues that the ALJ failed to develop the record. (ECF No. 13, pp. 21-23). Specifically, Plaintiff asserts that there was a year and a half of mental health treatment notes from her treating therapist, Ms. Frederici, that were not part of the record and that the ALJ knew

4

were missing. *Id.* Thus, Plaintiff submits that the ALJ "failed to adhere to his duty to develop the record with this evidence" such that remand is warranted. *Id.* at 21.

The regulations make clear that it is the Plaintiff's burden to prove that he/she is disabled, which means the plaintiff has the duty to provide medical and other evidence showing that he/she has an impairment(s) and how severe it is. 20 C.F.R. §416.912(a-c). This burden does not shift to the ALJ. Nonetheless, an ALJ has the duty to develop the record sufficiently to make a determination of disability. *Ventura v. Shalala,* 55 F.3d 900 (3d Cir. 1995); 20 C.F.R. §416.912(d). Usually, the issue of whether an ALJ had developed the record fully arises in situations involving a *pro se* claimant where the duty is heightened. *Early v. Heckler,* 743 F.2d 1002 (3d Cir. 1984). Such is not the case here.

"When an applicant for social security benefits is represented by counsel the administrative law judge is entitled to assume that the applicant is making his strongest case for benefits." *Yoder v. Colvin,* No. 13-107, 2001 WL 2770045, *3 (W.D. Pa. June 18, 2014), *citing Lofland v. Astrue,* No. 12-624, 2013 WL 3927695, *17 (D. Del. July 24, 2013). Plaintiff has been represented by counsel at all times. Yet, at no time did counsel seek to secure the missing records, submit them, or request to keep the record open to obtain them at a future date and supplement the record. (ECF No. 7-2, pp. 35-62). In fact, Plaintiff's counsel fails to offer any explanation as to why he did not do the same. *See,* ECF No. 13.

Additionally, at the hearing, the ALJ asked Plaintiff's counsel if he had any other evidence to submit and Plaintiff's counsel only referred to documents related to a hospitalization that occurred a month prior to the hearing (which counsel later decided not to submit) and did not refer to records of Ms. Frederici. (ECF No. 7-2, pp. 38-39, 62). Furthermore, I note that the record already contained numerous documents regarding Plaintiff's mental health treatment from Clearfield-Jefferson Community Mental Health / Community Guidance Center. *See,* Exhibits 4F, 11F and 15F. Thus, based on the above, I find the ALJ was entitled to assume the record was

5

complete. Therefore, I find the ALJ did not have a duty to develop the record further. Consequently, I find that remand is not warranted on this basis.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DEBRA A. GALLAGHER )
)
        Plaintiff, )
)
  -vs- ) Civil Action No. 15-231
)
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL SECURITY, )
)
        Defendant. )

AMBROSE, Senior District Judge

**ORDER OF COURT**

THEREFORE, this 17th day of October, 2016, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 12) is denied and Defendant's Motion for Summary Judgment (Docket No. 14) is granted.

                                    BY THE COURT:

                                    s/ Donetta W. Ambrose
                                    Donetta W. Ambrose
                                    United States Senior District Judge